**IT IS ORDERED as set forth below:**

Date: March 8, 2022



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NUMBERS |
| | : | |
| BLS GENERAL CONTRACTING, LLC | : | BANKRUPTCY CASE |
|    Debtor. | : | 18-66675-LRC |
| _____ | : | |
| TAMARA MILES OGIER AS | : | |
| CHAPTER 7 TRUSTEE, | : | ADVERSARY PROCEEDING |
|    Plaintiff, | : | |
| | : | NO. 20-06182-LRC |
| v. | : | |
| | : | |
| SUPERIOR DISTRIBUTION ROOFING | : | IN PROCEEDINGS UNDER |
| & BUILDING MATERIALS and/or SRS | : | CHAPTER 7 OF THE |
| DISTRIBUTION, INC., | : | BANKRUPTCY CODE |
|    Defendant. | : | |

### ORDER

Before the Court is a *Motion for Summary Judgment* (Doc. 9) (the "Motion") filed by Tamara Miles Ogier in her capacity as the Chapter 7 Trustee (the "Trustee") for the estate of BLS Contracting, LLC ("Debtor"). The Motion arises in connection with a complaint (the "Complaint," Doc. 1) filed on September 28, 2020, by the Trustee to avoid

1

and recover a preferential transfer from Superior Distribution Roofing & Building Materials ("SRS"). In considering the Motion, the Court also read and considered SRS's amended answer (Doc. 5), SRS's opposition to the Motion (the "Response," Doc. 10), Trustee's reply to the Response (the "Reply," Doc. 11), SRS's response to the Reply (the "Response to the Reply," Doc. 12), and the amended affidavit of K'Lynn Bechtel (the "Bechtel Affidavit," Doc. 13). The Trustee includes her statement of material facts ("PSMF") in her Motion, and SRS includes its statement of material facts ("DSMF") in its Response.

I.   Background

Debtor filed the underlying bankruptcy case (Case No. 18-66675, the "Petition") on October 2, 2018. SRS started doing business with Debtor in April 2017, providing Debtor with various construction goods and services on credit. Bechtel Affidavit at ¶ 4. During the ninety days preceding the filing of the Petition, Debtor transferred a total of $26,818.25 to SRS (the "Transfers") for goods and services rendered. PSMF and DSMF at ¶ 9. Through the Motion and Complaint, the Trustee contends that the Transfers are avoidable preferences pursuant to 11 U.S.C. § 547(b).[1]

Citing the affirmative defense of § 547(c)(2), SRS argues that the Transfers were made according to the ordinary course of business dealings between SRS and Debtor. SRS claims that during its relationship with Debtor, SRS accepted late payments from Debtor. Bechtel Affidavit at ¶ 6. Specifically, in the six months leading up to the filing of the

---

[1] All further citations to § are references to Title 11 of the United States Code unless otherwise noted.

2

Petition, SRS says that it received payments that averaged 180 days after Debtor's receipt of goods and, in the ninety days leading up to the Petition, it received payments that averaged 229 days after the receipt of goods. *Id*. at ¶¶ 8 and 9.

II.     Legal Standards

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, a court will grant summary judgment only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), Fed. R. Bankr. P. 7056. The moving party bears the burden of establishing the right to summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir. 1982). Once the moving party makes a prima facie showing of its right to judgment as a matter of law, the nonmoving party must go beyond the pleadings and demonstrate that a material issue of fact exists precluding summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Where the facts are not disputed, the Court must determine whether the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

At the summary judgment stage of a proceeding, the Court's function is not to determine the truth of the matter by weighing the evidence, but rather to determine if there is a genuine issue for trial. *Id*. When making this determination, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482,

484 (11th Cir. 1985). "All reasonable doubts and inferences should be resolved in favor of the opponent." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1502 (11th Cir. 1985).

III. <u>Discussion</u>

According to § 547(b), subject to the affirmative defenses listed in subsection (c), a trustee may "avoid any transfer of an interest of the debtor in property" if she can show "that the payment was (1) to the creditor, (2) on account of a previous debt, (3) made while the debtor was insolvent, (4) made 90 days before the bankruptcy petition was filed, and (5) effective in enabling the creditor to receive more than it would have received had the debtor's estate been liquated under Chapter 7." *In re Globe Manufacturing, Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009).[2]

SRS does not dispute that the Transfers were made to SRS on account of antecedent debt owed while Debtor was insolvent during the ninety days leading up to the filing of the Petition. *See* PSMF and DSMF ¶¶ 11-15. In support of her claim that SRS received more than it would have through the Chapter 7 distribution process, the Trustee filed an affidavit with her Motion in which she states that she does not anticipate that claims in the underlying bankruptcy will be paid in full. Affidavit of Tamara Miles Ogier ¶ at 2. Thus, the Court finds that the Trustee has met her burden. In seeking summary judgment on her claim,

---

[2] No party has raised the issue of whether amended § 547(b) is applicable to this pending case and both parties assume the former version of the statute is applicable here. *See* Public Law No. 116-54. "SEC. 5. EFFECTIVE DATE. This Act and the amendments made by this Act shall take effect 180 days after the date of enactment of this Act,"— February 19, 2020. "[N]owhere in the SBRA are there stated limitations to the application of the SBRA (including new preference recovery provisions) to pending cases." *In re Progressive Sols., Inc.*, 2020 WL 975464, at *4 (Bankr. C.D. Cal. Feb. 21, 2020). Accordingly, the Court will apply the version of § 547(b) applicable at the time the bankruptcy petition and the adversary proceeding were filed.

4

however, the Trustee "'is necessarily also moving for summary judgment on any affirmative defenses to that claim.'" *Everest Indem. Ins. Co. v. Jake's Fireworks, Inc.*, 501 F. Supp. 3d 1158, 1188 (D. Kan. 2020).

In that regard, SRS contends that it can support a defense pursuant to § 547(c)(2), which provides that "[t]he trustee may not avoid" a transfer that was "(A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or (B) made according to ordinary business terms." 11 U.S.C. § 547(c)(2). Particularly, SRS's defense focuses on the former, subjective test. If SRS "'wishes to prevent entry of summary judgment,'" it must "'come forward with evidence showing the existence of a genuine factual dispute" regarding the affirmative defense that could defeat the Trustee's claim. *Everest Indem. Ins. Co.*, 501 F. Supp. 3d at 1188. Otherwise, if "summary judgment in the [Trustee's] favor is otherwise warranted, 'then the affirmative defense is extinguished.'" *Id*.

SRS offers evidence to support its contention that "there was not a significant shift in the average time of repayment during the preference period as compared to the pre-preference period." Response to the Reply at 2. Further, SRS claims that in the six months preceding Debtor's filing SRS received payments "on average 180 days after the receipt of goods." Bechtel Affidavit at ¶ 8.

The Trustee takes issue with SRS's "attempts to draw a baseline" and argues that SRS offers an exhibit that "neglects dozens and dozens of other relevant preference period transfers, rending the proposed baseline inaccurate." Reply at 2. However, even if the

5

exhibit is missing pre-preference transactions, the Court cannot assume that such missing transfers would render the sworn-to baseline inaccurate. Such dispute over the facts calls for the Court to hear evidence as to whether payments made to SRS during the preference period were in keeping with SRS's ordinary business dealings with Debtor. *See e.g. In re Clayton General Inc.*, 2018 WL 6819548 at *5 (Bankr. N. D. Ga. 2018) (finding a dispute of fact where parties disagreed as to whether preference period transfers were made in a similar manner and time frame to payments made before the preference period).

Accordingly, for the reasons stated herein,

**IT IS HEREBY ORDERED** that the Motion is **DENIED.**

### END OF DOCUMENT

**Distribution List**

**Tamara Miles Ogier**
Ogier, Rothschild & Rosenfeld PC
P. O. Box 1547
Decatur, GA 30031

**Allen P. Rosenfeld**
Ogier Rothschild & Rosenfeld, PC
P. O. Box 1547
Decatur, GA 30031

**Patrick M. Sneed**
Davis, Pickren, Seydel & Sneed, LLP
2300 Marquis Two Tower
285 Peachtree Center Avenue, NE
Atlanta, GA 30303